# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| EDWARD BACKSTROM, | ) |
|       Petitioner, | ) |
| v. | ) Civil Action |
| | ) No. 04-3235-CV-S-RED-H |
| BILL HEDRICK, et al., | ) |
|       Respondents. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges his sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner contends that his sentence is illegal because the sentencing court retroactively applied amendments to the career offender sentencing enhancement guideline, § 4B1.2, thereby increasing his sentence in violation of the ex post facto clause of the United States Constitution.

It is respondents' position that petitioner is seeking to challenge his sentence once again under § 2241, and that he has previously filed seven motions under this section, as well as two motions pursuant to § 2255. Respondents contend that regardless of petitioner's attempts to bring this case pursuant to § 2241, a thorough reading of the petition clearly indicates that petitioner is not challenging the manner in which his sentence is being executed. It is the government's position that petitioner is attempting to skirt the severe restrictions on successive § 2255 petitions by

disguising a § 2255 motion as a petition under § 2241.

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255 unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam). The fact that a § 2255 motion has already been denied, that a petitioner has been denied permission to file a second or successive § 2255 motion, or that a petitioner has allowed the statute of limitations and/or grace period to expire, does not render § 2255 inadequate or ineffective. Lurie, 207 F.3d at 1077.

Regardless of petitioner's assertions in this case, the action is improperly filed under the provisions of 28 U.S.C. § 2241. Petitioner contends that the district court erred in finding that he was a career offender under the federal sentencing guidelines. A review of the record indicates that he appealed his sentence on these grounds, and that he then filed a § 2255 motion, which was denied. Thereafter, he filed an application for certificate of appealability with the Eighth Circuit Court of Appeals, which was denied. The record indicates that he has attacked the legality of his sentence under § 2241 seven other times, and twice under § 2255. Regardless of petitioner's efforts to bring his complaints under § 2241 yet again, the issues he raises are cognizable, if at all, in the sentencing court. It is clear that this Court lacks jurisdiction of petitioner's claims. It should also be noted that, to the extent, if any, that petitioner attempts to assert a claim regarding the conditions of his confinement, he has not exhausted administrative remedies. [Respondents' Exhibit 1]. Accordingly, it must be recommended that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local

Rule 72.1 of the United States District Court for the Western District of Missouri,

      RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for writ of habeas corpus be dismissed without prejudice.

                                              /s/ James C. England  
                                              JAMES C. ENGLAND  
                                              United States Magistrate

Date: 7/12/05